### 15217. GRESHAM *v.* THE STATE.

1. The venue as alleged in the indictment being proved by uncontradicted evidence, the alleged error in the charge of the court, in omitting reference to the venue when stating the material allegations which the State was required to prove, is not cause for a new trial.
2. The ground of the motion for a new trial as to the failure of the court to give instructions to the jury (not requested), on the necessity of corroborating the testimony of an accomplice, is without merit, the evidence failing to show that the witness referred to in this ground was an accomplice, and the State not relying wholly upon the testimony of the alleged accomplice.
3. The refusal to continue the case cannot be held to be an abuse of the discretion of the trial judge, under the facts of this case.
4. The alleged newly discovered evidence being largely cumulative and impeaching in its character, and not such as probably would produce a different result on another trial, it did not require a new trial.

              DECIDED MARCH 6, 1924.

    Indictment for manufacture of liquor; from Troup superior court—Judge Roop. November 12, 1923.

    *A. H. Freeman,* for plaintiff in error.

    *W. Y. Atkinson, solicitor-general,* contra.

    LUKE, J. 1. It is contended that the court erred in charging the jury as follows: "The burden is on the State to show, and to show beyond a reasonable doubt, each and every material allegation that is set up in the bill of indictment, and the material allegations which the State must thus prove are these: that Eric Gresham and Irb Ison (they being jointly indicted), who must be identified as the defendants here on trial, on or about the 29th day of March, 1923, unlawfully did distil, manufacture, or make alcoholic liquors, or

·spirituous liquors." Movant contends that the jury, under this charge, were instructed that he would be guilty of violating the law and subject to trial and conviction in Coweta county, Ga., if they should find from the evidence that he was guilty of manufacturing liquor in the State of Georgia; and it placed a burden upon him which the law does not require him to carry. This charge was not error, for, under the evidence, there was no issue as to venue, the venue as alleged in the indictment being proved by uncontradicted evidence that the still at which the liquor was made was in the county named. The jury were not misled and the defendant suffered no harm by reason of this excerpt from the charge of the court. *Bailey* v. *State, 23 Ga. App.* 146 (3) (98 S. E. 89).

2. There is no merit in ground 4 of the amendment to the motion for a new trial, wherein error is assigned upon the court's failure to charge the jury upon the necessity of corroborating the testimony of an accomplice. The evidence did not show that the witness referred to in the ground was an accomplice, and moreover the State did not rely wholly upon the testimony of the alleged accomplice. *Cantrell* v. *State, 141 Ga.* 98 (3) (80 S. E. 649).

3. The assignment of error upon the court's refusal to continue the case will not work a reversal. The refusal to continue was within the discretion of the court, and this court cannot say that this discretion was abused.

4. The grounds of the motion for a new trial based on alleged newly discovered evidence will not work a reversal. This court cannot say that the newly discovered evidence, which is largely cumulative and impeaching in its character, would probably produce a different result upon another trial of the case.

5. The defendant has had a legal trial, the verdict of the jury, which was authorized by the evidence, has the approval of the trial judge, and for no reason pointed out was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*