## 59897. FEGAN v. THE STATE.

CARLEY, Judge.

Appellant was convicted in the Superior Court of Clayton County on nine counts of credit card theft and one count of escape. Appellant's court-appointed counsel for trial preserved appellant's right to appeal by timely filing a notice of appeal with the Superior Court of Clayton County. Subsequently, appellant was determined to be indigent for appeal purposes and counsel appointed for trial was relieved of his obligations and new counsel was appointed to represent appellant on appeal.

Appellate counsel has filed a motion to withdraw as counsel on the ground that the appeal is completely frivolous. See Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1966). "Appointed counsel may withdraw from a case on appeal only upon

compliance with the rules set out in [Anders]. Anders requires that appointed counsel accomplish the following: (1) submit to this court a request for permission to withdraw based upon counsel's opinion that, after conscientious examination of the transcript and record he finds the appeal to be 'wholly frivolous'; (2) accompany the request with a brief setting forth anything of record which 'might arguably support the appeal'; and, (3) furnish his indigent client a copy of the brief in order to allow the defendant to raise any points he chooses to raise. [Cits.] When the above requirements are satisfied by counsel, Anders requires this court to examine fully the record and transcript and determine whether the appeal is, in fact, wholly frivolous. If not found to be so, the appellant must be furnished further assistance of counsel to continue the appeal. If found to be frivolous, counsel's request to withdraw may be granted and the appeal will be dismissed. [Cit.]" *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976). Here we find that counsel has satisfied his Anders obligations.

In compliance with our duties under Anders, we have examined fully the record and transcript to determine whether this appeal is, in fact, wholly frivolous. In his brief in support of motion to withdraw, counsel for appellant argues the strongest points of appellant's case, to wit: (1) Ineffective trial counsel and (2) insufficient evidence.

Appellant would base his claim of ineffective assistance of counsel on alleged lack of diligence and attention to his case, failure to file pretrial motions, and failure of counsel to notify appellant of trial date. The constitutional right to the assistance of counsel means counsel who renders reasonably effective assistance, not errorless counsel and not counsel judged ineffective by hindsight. *Baty v. State,* 147 Ga. App. 277, 279 (248 SE2d 503) (1978); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). The record reveals that appellant's counsel was familiar with the case and that he had discussed the same on several occasions with both appellant and the assistant district attorney. Upon the call of the case, counsel announced ready and thereafter engaged in vigorous and appropriate, though unsuccessful, trial tactics. "The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense." *Fortson v. State,* 240 Ga. 5, 6 (239 SE2d 335) (1977). In this case, we find that appellant received effective assistance from competent counsel at his trial.

With respect to the sufficiency of the evidence, the state's uncontroverted evidence showed appellant to be in possession of nine of the victim's credit cards, without consent, and that appellant was attempting to use one of the credit cards when apprehended. It was also shown without dispute that after his arrest, appellant fled from

the police officers. "While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury." *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). The evidence here is clearly sufficient to support the verdict and our review of the record compels our conclusion that any rational trier of fact could reasonably have found from the evidence proof of the guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Therefore, we conclude that the matters set forth in the brief of counsel for appellant will not support the appeal. Nor has appellant presented this court with any additional arguments to consider. We find the appeal to be wholly frivolous as contemplated by Anders; accordingly, counsel is granted permission to withdraw. Based upon an independent review of the entire record, we find no error and affirm the judgment.

*Judgment affirmed. Quillian, P. J. and Shulman, J., concur.*

DECIDED JUNE 5, 1980.

*Larry Melnick,* for appellant.
*Robert E. Keller, District Attorney,* for appellee.