## 60421. MIDDLEBROOKS v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of assault with intent to rape.

1. In his first enumeration of error appellant contends that "[t]he evidence was insufficient to support the verdict for the offense of aggravated assault with intent to rape." This contention is

patently without merit. The prosecutrix testified at trial that appellant crawled under the door of the ladies' room stall in which she was changing her clothes, pulled his pants down to his knees, grabbed her by the throat and pulled at her clothes, all the while warning her not to make any noise. This testimony was sufficient to authorize rational triors of fact to find appellant guilty beyond a reasonable doubt of assault with intent to rape. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next enumerates as error the trial court's denial of his motion for mistrial, contending that the trial court abused its discretion in not ruling that the presence and actions of the prosecutrix' five-year-old child before the jury resulted in the failure of appellant to receive a fair trial.

The record discloses that as the prosecutrix was leaving the courtroom after having testified for the state her child loudly called out "Mommy." Defense counsel immediately moved for a mistrial, but the trial court denied the motion and gave no cautionary instructions to the jury to disregard the child's exclamation. Appellant now argues that the trial court's failure to grant a mistrial under these circumstances constituted an abuse of its discretion. We disagree. Appellant has failed to demonstrate that the child's presence or actions in the courtroom prejudiced the jury in any way or prevented appellant from obtaining a fair trial. Absent such a showing, this court will not ordinarily substitute its judgment for that of the trial court in determining whether or not the questionable occurrence endangered the moving party's right to a fair trial. "Where demonstrations occur during the course of a trial it is generally a matter of discretion upon the part of the trial court as to whether the grant of a motion for mistrial is necessary to insure the defendant a fair trial. [Cits.] It is only where no action is taken, or the jury is not properly instructed, *and the demonstration could result in the failure of the defendant to have a fair trial* that the discretion of the trial court will be interfered with." (Emphasis supplied.) *Holland v. State,* 113 Ga. App. 843 (149 SE2d 919) (1966). Appellant's second enumeration is accordingly unpersuasive.

3. In his third and final enumeration of error appellant argues that "[t]he trial court erred in charging the jury to the effect that they must acquit the accused of the indicted offense before they could consider the lesser included offense." This argument is controlled adversely to appellant by the decision of the Georgia Supreme Court in *Lamar v. State,* 243 Ga. 401 (3) (254 SE2d 353) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED OCTOBER 23, 1980 —

REHEARING DENIED NOVEMBER 5, 1980 — 

*J. Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.