### 65353. HARRIS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of two counts of forgery in the first degree and one count of financial transaction card theft. His appointed counsel filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), stating that after a careful review of the record and transcript counsel believes an appeal of this case to be wholly frivolous. See *Bethay v. State,* 237 Ga. 625 (229 SE2d 406). In accordance with *Bethay v. State,* supra, counsel in filing the motion to withdraw as counsel attached a brief raising points of law which counsel considered as arguably supporting defendant's appeal and has furnished to his indigent client a copy of the brief in order to allow the defendant to raise any points he chooses to raise. In addition, as required by *Bethay v. State,* supra, we have fully examined the record and transcript and determined independently whether there are any meritorious errors of law. We are in agreement that none of the points raised has any merit, and our independent examination fails to disclose any errors requiring a reversal of defendant's conviction. Accordingly, we granted permission to counsel to withdraw. The defendant having been notified of this action and of his options by reason thereof has responded by filing a pro se brief raising several issues. *Held:*

1. Defendant's brief raises the general grounds for motion for new trial as to the sufficiency of the evidence. As to the two counts of forgery in the first degree, defendant was positively identified as the individual who attempted to cash stolen and forged checks. In

attempting to cash one of these checks defendant used an altered driver's license of another individual, specifically a driver's license lost or stolen from another individual and altered by substituting defendant's photograph for that of the lawful holder of the license.

As to the count of financial transaction card theft, the state's evidence shows that the defendant was arrested while attempting to cash a stolen check which had been forged so as to be payable to an innocent third-party, Beck. When confronted by a law enforcement officer shortly after attempting to cash this check defendant "broke and ran." When apprehended shortly thereafter defendant identified himself as "Beck." A wallet found in a shrub in the immediate area of defendant's arrest contained Beck's driver's license altered to show defendant's photograph, Beck's credit card, which is the subject of the charge of financial transaction card theft and defendant's temporary driver's license. The evidence of the two check transactions, one involving the use of the identity of another to facilitate the cashing of the check, provided circumstantial evidence from which the jury could reasonably infer that defendant withheld and was retaining possession of Beck's credit card, without the consent of Beck, with intent to use it either to obtain goods and services directly or as a form of identification to facilitate the cashing of other stolen checks forged so as to be payable to Beck. *Fegan v. State,* 154 Ga. App. 791, 792-793 (270 SE2d 211).

A rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offenses of two counts of forgery in the first degree and one count of financial transaction card theft. See *Rachel v. State,* 247 Ga. 130, 132 (1) (274 SE2d 475); *Mullis v. State,* 248 Ga. 338 (1) (282 SE2d 334).

2. Defendant contends that his trial counsel was ineffective and insufficient in that trial counsel failed to object to certain leading questions and failed to submit into evidence a photograph of the defendant. The record discloses that defendant's trial counsel conducted a thorough and extensive cross-examination of the witnesses in this case, moved for mistrial due to alleged improper communications between a witness and a juror, and presented a closing argument on behalf of defendant.

The purported leading question to which there was no objection raised at trial was a proper question which did not contain within the question a suggestion as to the expected answer. As to the defense counsel's decision not to place a photograph of the defendant into evidence that decision was included within the defense decision not to present any evidence. In any case, the record suggests no way in which the photograph taken of the defendant shortly after his arrest

would be of any substantial value to the defendant in his case. When the jury, shortly after retiring to deliberate, returned and requested access to the photograph the trial judge correctly instructed them that due to the fact that it had not been introduced into evidence it was unavailable to them. In summary, defendant's assertions in regard to the alleged ineffective assistance of counsel reflect no more than defendant's disagreement with the judgment and tactical decisions made by trial counsel upon the trial of the case. Errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. *Suits v. State,* 150 Ga. App. 285, 286 (257 SE2d 306); *Fegan v. State,* 154 Ga. App. 791, 792, supra. See also *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), and *Alderman v. State,* 241 Ga. 496, 511 (8) (246 SE2d 642).

3. The trial court did not err in sentencing the defendant to consecutive sentences. *Gandy v. State,* 232 Ga. 105 (205 SE2d 243), relied upon by the defendant, construes the law during a period in which sentences in felony cases were imposed by the jury and is inapplicable to the current judge sentencing statute. Compare OCGA § 17-10-1 (formerly Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354; 1981, p. 1024)) with its predecessor (Ga. L. 1919, p. 387; 1950, pp. 352, 354; 1964, pp. 483, 484).

4. The transcript reflects the trial court orally sentenced the defendant for the offense of "credit card theft." However, when the sentence was reduced to writing the record reflects a scrivener's error occurred in which the sentence appears as one for "Credit Card Fraud" (financial transaction card *fraud*) (see OCGA § 16-9-33 (formerly Code Ann. § 26-1705.3 (Ga. L. 1980, pp. 1083, 1088)) rather than for financial transaction card *theft* for which the defendant was indicted and convicted. Therefore, in view of the scrivener's error in the court's written sentence, this case is remanded with direction that the trial court's written sentence be corrected.

*Judgment affirmed with direction. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1983.

Fred Purcell Harris, *pro se.*
Sam B. Sibley, Jr., *District Attorney,* for appellee.