DECIDED NOVEMBER 4, 1985.

*Robert G. Young*, for appellant.
*Charles M. Kidd, David N. Schaeffer*, for appellee.

## 70855. BROWN v. THE STATE.
### (337 SE2d 446)

BENHAM, Judge.

This appeal is from appellant's conviction of aggravated assault (with intent to rape).

1. Appellant's first enumeration of error, raising the general grounds, is without merit. The victim's testimony was that appellant approached her in a parking facility, put his arms around her and attempted to kiss her, then forced her to the ground, where he placed his hand on her sexual organs while threatening to kill her. She identified appellant positively as the perpetrator. Another witness testified that he was driving through the parking facility when he saw appellant force the victim to the floor. Hearing a scream, the witness stopped, at which time appellant arose and left. The witness followed appellant, confronted him, thus having an opportunity to view appellant's face from a distance of one yard, and then followed appellant to a car. The witness recorded the car's license plate number as "CGL 551" or "EGL 551" and reported those numbers to the police. That witness also identified appellant positively at trial. A police officer testified that a computer search of car registrations showed that license plate number EGL 551 was registered to appellant. Appellant testified in his own behalf and presented alibi and character evidence. The alibi witness was impeached by means of his criminal record. Under that evidence, we have no hesitation in holding that a rational trier of fact was authorized to find beyond a reasonable doubt that appellant was guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Middlebrooks v. State*, 156 Ga. App. 319 (1) (274 SE2d 643) (1980). An inconsistency in the testimony of the witnesses to the crime (the inconsistency concerned appellant's facial hair) and appellant's production of alibi testimony do not require a reversal — issues of credibility are for the jury. *Redd v. State*, 154 Ga. App. 373 (1) (268 SE2d 423) (1980).

2. Appellant's second enumeration of error is not supported by argument or citation of authority and is, therefore, deemed abandoned. *Montgomery v. State*, 155 Ga. App. 423 (4) (270 SE2d 825) (1980).

3. In his final enumeration of error, appellant contends that he was denied effective assistance of counsel. "The constitutional right to

the assistance of counsel means counsel who renders reasonably effective assistance, not errorless counsel and not counsel judged ineffective by hindsight. [Cits.]" *Fegan v. State*, 154 Ga. App. 791, 792 (270 SE2d 211) (1980).

Appellant's claim of ineffective assistance of counsel is based primarily on the fact that counsel was unsuccessful in preventing the State from using a prior conviction based on a nolo contendere plea for the purpose of impeaching appellant's character witnesses. "In summary, defendant's assertions in regard to the alleged ineffective assistance of counsel reflect no more than defendant's disagreement with the judgment and tactical decisions made by trial counsel upon the trial of the case. Errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cits.]" *Harris v. State*, 166 Ga. App. 202 (2) (303 SE2d 534) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 4, 1985.

*Franklin N. Biggins*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.