## 73794. NEWSOM v. THE STATE.
(359 SE2d 11)

McMURRAY, Presiding Judge.

Defendant appeals her convictions in the Superior Court of Pike County of three counts of theft by taking and twenty counts of financial transaction card fraud. *Held*:

1. Defendant's convictions on the twenty counts of financial transaction card fraud were not authorized as the evidence did not establish proper venue. In each of these twenty counts, it was charged that defendant did "without authority and with intent to defraud the cardholder obtain goods, by presenting . . . a financial transaction card being held by [defendant's employer] to [a merchant] . . . ." This language charges a violation of OCGA § 16-9-33 (a) (2) (B). As to each count, the evidence creates the inference that the financial transaction card was presented and goods were received in a county other than that in which defendant was prosecuted.

Generally, the venue in a criminal case is in the county where the crime was committed. OCGA § 17-2-2 (a). The venue of a crime is a jurisdictional fact, and must be proved as a part of the State's case. *Dempsey v. State*, 52 Ga. App. 35 (2) (182 SE 56).

Contrary to the State's argument we find no language in OCGA § 16-9-33 (f), which would permit the prosecution of these offenses of financial transaction card fraud in Pike County. All of the elements of each of these offenses of which defendant was convicted occurred at a location outside Pike County.

2. In regard to her convictions of three counts of the offense of theft by taking, defendant contends the trial court erred in failing to instruct the jury that venue is an essential element of the State's case. The venue, as to the offenses of theft by taking alleged in the indictment, was proved by uncontradicted evidence and the trial court charged on the State's burden of proof including the law as to reasonable doubt. Under these circumstances there is no issue as to venue and there was no error in omitting from the charge reference to venue when stating the material allegations which the State was required to

prove. *Gresham v. State*, 31 Ga. App. 779 (1) (122 SE 254); *Haden v. State*, 176 Ga. 304, 312 (15) (168 SE 272).

*Judgment affirmed as to the convictions and sentences on the theft by taking counts; judgment reversed as to the convictions and sentences on the financial transaction card fraud counts. Sognier and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in the opinion. With respect to Division 1, the state's effort to stretch OCGA § 16-9-33 (f) to cover the circumstances here is rendered untenable by the legislature's provision of OCGA § 16-9-31 to cover what apparently occurred in Pike County. The distinction between financial transaction card theft (OCGA § 16-9-31) and financial transaction card fraud is discussed in *Harris v. State*, 166 Ga. App. 202, 204 (4) (303 SE2d 534) (1983). See also *Thomas v. State*, 176 Ga. App. 771, 774 (337 SE2d 344) (1985).

DECIDED JUNE 17, 1987.

*Virgil L. Brown, Michael D. Katz*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.