# 76661. HALL v. THE STATE.

(375 SE2d 50)

BENHAM, Judge.

Appellant was convicted of rape, burglary, and aggravated assault. On appeal, he claims that the evidence was not sufficient to convict him; that the offense of burglary merged with the aggravated assault; and that the jury was not correctly instructed on his defense of consent. We disagree with appellant's contentions and affirm the judgment.

1. The evidence showed that appellant, the victim's former husband, met her after work on June 20, 1987, engaged her in conversation, and convinced her to let him into her car so they could continue talking. Once inside the victim's car, appellant made physical advances toward her, which she rejected by hitting, scratching, and kicking him. When she kneed him in the groin, he pulled out a knife, held it to her throat, removed her hosiery and underwear, and had sexual intercourse with her against her will. Two days later, appellant gained entry to the victim's home without her permission by smashing the glass window of the back door of the home the victim shared with her parents. The victim, who was upstairs preparing to leave the house to register the handgun she had purchased the previous day, heard the glass breaking and got the bag in which she had stored both the gun and a knife she had gotten from her father. When she saw appellant coming up the stairs, she screamed and told him to stop. He lunged at her, she got the gun and tried to fire it but it would not fire. Appellant told her he would probably have to leave town soon, but he wanted to have sex with her one last time before he did. The victim threw away the gun and went for the knife, and when appellant grabbed at her and ripped her dress, she stabbed him and ran from him. He chased her through the house, and they struggled again, with the victim stabbing appellant several more times before she escaped to a neighbor's home. Although appellant's version of what occurred on the days in question differed from the evidence the State presented, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of rape, burglary, and aggravated assault with intent to rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 176 Ga. App. 692 (1) (337 SE2d 446) (1985); *Gilbert v. State*, 176 Ga. App. 561 (1) (336 SE2d 828) (1985).

2. Appellant takes the position that the offenses of aggravated assault and burglary as charged in counts two and three of the indictment merged as a matter of law and fact because they had the same common element, the intent to rape. However, we find no merit in appellant's contention. Not only did appellant fail to raise the merger issue at trial after the evidence was presented, but he asked the court

to charge the jury on the separate nature of the three crimes charged in the indictment; that the supporting evidence for those crimes should be considered separately; and that the accused's guilt or innocence as to one of the offenses charged should not control the verdict as to the other offenses charged. The trial court charged the jury as appellant requested, and the jury found appellant guilty on all three counts. Appellant cannot ignore at trial what he thinks is an injustice, take his chances on a favorable verdict, and complain later, nor can he complain on appeal of error that he induced. *Scott v. State*, 243 Ga. 233 (2) (253 SE2d 698) (1979); *Cole v. State*, 156 Ga. App. 6 (5) (274 SE2d 64) (1980).

3. The last enumeration of error is the trial court's alleged failure to correctly charge the jury on the issue of consent. Appellant sought to have the trial court charge the jury that in order for sexual intercourse to constitute rape, the victim must have resisted "with all her power and kept up that resistance as long as she had strength." The trial court refused to give the requested charge. We find no error in the trial court's refusal, the Supreme Court having expressly disapproved of that language in *Curtis v. State*, 236 Ga. 362 (1) (223 SE2d 721) (1976).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 19, 1988 —
REHEARING DENIED NOVEMBER 15, 1988 — ▮▮▮▮▮▮▮

*J. M. Raffauf, Dwight L. Thomas*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Assistant District Attorneys*, for appellee.