### 77131. STEPHENS v. THE STATE.
(375 SE2d 886)

BENHAM, Judge.

After a bench trial on his indictment for aggravated assault with intent to rape, the trial court found that appellant was guilty but mentally ill. Appellant moved for a new trial and the trial court denied his motion. He appeals from that denial, contending that the State did not prove he assaulted the victim with the intent to rape her. Finding the evidence to be sufficient to support the conviction and denial of new trial, we affirm the judgment.

The victim testified that on the date of the incident, she had stopped in the ladies' rest room of her local bank. When she walked in, she looked in the mirror and noticed there was a pair of tennis shoes in the third stall of the five stalls in the room. She assumed the stall was occupied by a female worker who had worn jeans and tennis shoes to work. She entered the first stall, sat down, and had pulled her underwear and pants down when she noticed a left hand with a brown work glove reaching under her stall. She thought it was a maintenance man who had not put up a sign indicating his presence. When she looked down, the hand had disappeared and a man came over the top of the stall, knocked her off the toilet, held her by the shoulders,

and wrestled her to the floor between the toilet and the wall. Appellant pulled her onto the floor on her back, and lay on top of her between her legs, with her underwear and pants still pulled down. He put his hand over her mouth to silence her screams. The victim further testified that she was wearing three rings, three bracelets, a gold watch, three gold chains, and a long rope chain studded with diamonds and gold nuggets, but that her assailant made no reference to and no attempt to take any of those items. As she struggled to get away from appellant, he jabbed at her eyes and face with an object resembling a pencil or a pen. They wrestled on the floor for a few minutes, with the victim screaming for help; appellant then managed to pull the stall door open, back out of the stall, and escape. He was later apprehended.

Appellant testified and admitted that he had attacked his victim in the rest room stall, but contended that he did not assault her with the intent to rape, because he "had just come out of prison for rape." He said he intended to rob his victim because he was frustrated about not being able to find employment.

Whether appellant had the requisite intent to commit rape was a matter for the trial court, as factfinder, to determine. *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209) (1980). Witness credibility is also a matter left to the factfinder. See *Brown v. State*, 176 Ga. App. 692 (1) (337 SE2d 446) (1985). The trial court apparently chose to believe the victim's testimony, which supported the State's position on the requisite intent issue. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant committed aggravated assault with intent to rape his victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Middlebrooks v. State*, 156 Ga. App. 319 (1) (274 SE2d 643) (1980).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1988.

*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys*, for appellee.