## S99A0191. GOODE v. NOBLES.
(518 SE2d 122)

BENHAM, Chief Justice.

Pursuant to a negotiated plea of guilty to one count each of "menacing" and assault in Colorado, Ronnie Eugene Goode was sentenced to four years of probation. Upon his request, he was permitted to serve that probation in Georgia. Shortly after Goode returned to Georgia, his wife, the victim of the Colorado offenses, demanded that he move out of the marital home, which he did. Although his Georgia probation officer instructed Goode to avoid contact with his wife after moving out, Goode returned at her invitation, but then had an altercation with her. That altercation ultimately served as the basis for a complaint for revocation of his probation and the issuance of an arrest warrant, both in Colorado. After Goode's arrest in Georgia on that warrant, a Governor's warrant was issued in response to a request from Colorado. Goode filed a petition for a writ of habeas corpus. Following a hearing at which Goode stipulated that the Governor's warrant was in order and that he was the person sought, the trial court denied the petition and ordered Goode's return to Colorado. This appeal is from that order.[1]

---

[1] Because the record of this case does not demonstrate that Colorado requested Goode's return under the Uniform Act for Out-of-State Parole Supervision, we must consider the validity of the waiver under general principles of law rather than the straightforward provisions in that act for the return of probationers and parolees who are serving their sentences in a state other than the sentencing state.

Among the findings made by the trial court in its order denying Goode's petition for habeas corpus is that Goode had waived extradition to Colorado. Support for that finding is found in a document signed by Goode in which he requested that he be permitted to be supervised as a probationer in Georgia. In that document appears the following sentence: "I hereby waive extradition to the sending state from any state of the United States and also agree that I will not contest any effort by any jurisdiction to return me to the sending state." Goode does not contest the fact that he signed the waiver of extradition, but contends the waiver is ineffective because it was not voluntary in that the alternative to signing the waiver was to be held hostage by the State of Colorado.

Goode was not a hostage held by the State of Colorado, but was instead a person convicted of a crime in that State who was permitted as a matter of the grace of that State to serve his sentence on probation rather than in prison. *Gehl v. People*, 161 Colo. 535, 539 (423 P2d 332) (1967). Georgia, too, views probation as a matter of grace, upon the granting of which conditions may be imposed.

> "[A] person occupies a special status while on probation, during which time his private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances. The rationale for this power is basically, of course, that the person has been convicted of a crime and would be serving a sentence but for the grace of the court." [Cit.]

*Staley v. State*, 233 Ga. App. 597, 599 (505 SE2d 491) (1998). When the grace Colorado had granted Goode was extended to permit him to serve his period of probation in his home state, it required from him the reciprocal promise that he would return without protest to Colorado in the event he was summoned there. We do not agree with Goode that his promise to return was involuntary because he could not have returned to Georgia had he not given it.

> In some instances a condition of probation involves a waiver of a defendant's rights including those protected by state or federal constitutions. However, the conditions of probation are not imposed involuntarily, but are accepted by convicted criminals as a condition necessary to avoid incarceration in the penitentiary. [Cit.] Whether the waiver of rights required under the condition of probation amounts to an abuse of discretion depends upon whether it is "related to a legitimate purpose underlying the criminal justice system . . . [or whether defendant's] loss of rights relates in a rational way

to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence." [Cits.]

*Tuttle v. State*, 215 Ga. App. 396 (2) (450 SE2d 863) (1994). See also *Mann v. State*, 154 Ga. App. 677 (269 SE2d 863) (1980) (submission to polygraph examination valid condition); *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980) (banishment from county valid condition); *Biddy v. State*, 138 Ga. App. 4 (225 SE2d 448) (1976) (restitution valid condition).

We consider for the first time in this case whether a waiver of extradition may validly be imposed as a condition under which probation is granted or modified favorably to the probationer. That the waiver is " 'related to a legitimate purpose underlying the criminal justice system' " (*Tuttle*, supra at (2)) is beyond question in that the state granting probation has an undeniable interest in recalling a probationer to answer to allegations that the probationer has violated the terms of probation. We also note that our General Assembly has obviously concluded that such waivers are valid since it has expressly provided for such waivers as a condition of probation. OCGA § 42-8-35 (12). Thus, the waiver is cloaked with the presumption of validity that accompanies all legislation. See *Williams v. Ragsdale*, 205 Ga. 274, 277 (53 SE2d 339) (1949) ("A statute is presumed to be valid and constitutional until the contrary appears . . . ."). Courts in other states have found such waivers valid. *People v. Velarde*, 739 P2d 845, 849 (Colo. 1987) (parole); *State v. Maglio*, 189 N.J. Super. 257 (459 A2d 1209) (1983); *White v. Hall*, 15 Md. App. 446 (291 A2d 694) (1972); *Schwartz v. Woodahl*, 157 Mont. 479 (487 P2d 300) (1971); *Swyston v. Hedman*, 288 Minn. 530 (179 NW2d 282) (1970); *Pierce v. Smith*, 31 Wash.2d 52 (195 P2d 112) (1948).

Based on the foregoing, we conclude that a waiver of extradition as a condition of probation, and by extension, as a condition of a modification of probation favorable to the probationer, is valid. Accordingly, the trial court's finding of the waiver's validity is affirmed. That being so, issues regarding extradition are moot since proof of the waiver, of Goode's identity, and of Colorado's desire for his return sufficed to authorize the trial court to order the surrender of Goode to Colorado.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999.

*Leaphart & Johnson, J. Alvin Leaphart,* for appellant.

*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney,* for appellee.