**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 26, 2021**

# In the Court of Appeals of Georgia

A21A1086. RUTLEDGE v. THE STATE.

BARNES, Presiding Judge.

Proceeding pro se, Jeffrey Ray Rutledge appeals the trial court's order denying his motion to modify the terms and conditions of his supervised release and his motion to vacate a void sentence. Upon our review, we affirm the judgment but remand for the correction of a typographical error on the final disposition sheet.

The facts, as proffered by the State at Rutledge's plea hearing, were as follows. In August 2007, the Twiggs County Sheriff's Department conducted a sting operation to apprehend sexual predators who targeted children on the internet with the assistance of Perverted Justice, a private organization.[1] As part of the sting operation,

---

[1] Perverted Justice is "a 'watchdog group' dedicated to exposing adults who use the internet to seek sexual activity with children." *Anguiano v. State*, 313 Ga. App. 449, 450 (721 SE2d 652) (2011).

an adult working with Perverted Justice posed as a 13-year-old girl in an internet chat room. Rutledge initiated communication with the adult posing as the underage girl and had several conversations with her. During their online conversations, Rutledge sent her numerous pornographic images and solicited oral, anal, and other sexual acts. Rutledge also arranged to meet her for oral sex at a location near the interstate in Twiggs County on August 9, 2007, but he was arrested when he arrived there. Investigators obtained a search warrant for Rutledge's computer and found the internet chat logs reflecting his conversations with the adult posing as the young girl as well as images of Rutledge's body.

In January 2008, Rutledge was indicted for criminal attempt to commit aggravated child molestation based on the incident in which he traveled to Twiggs County for the purpose of having oral sex with an underage girl. Subsequently, in December 2008, Rutledge entered a negotiated plea of guilty under *North Carolina v. Alford*, 400 U. S. 25 (91 S Ct 160, 27 LE2d 162) (1970) to the charged offense. Rutledge was sentenced to twenty-five years, with the first ten years in confinement and the remainder on probation.

The conditions of Rutledge's probation included certain special conditions applicable to sex offenders, including Condition 8 that provided:

Sexually oriented material. You shall not possess or subscribe to any sexually oriented or sexually stimulating material to include mail, computer or television, nor patronize any place where such material or entertainment is available. ("Sex Offender Condition 8")

Rutledge's probation also included special computer-related conditions of probation, including Condition 2 that provided:

Probationers must obtain prior written approval from the supervising probation officer or designee to use an electronic bulletin board system, services that provide access to the internet, or any public or private computer network. ("Computer Condition 2")

Additionally, the final disposition sheet included a statement that certain conditions of Rutledge's probation

are hereby made "Special Conditions" as the term is contemplated by [OCGA] § 42-8-37.1, and are in addition to General Conditions and court ordered fines and fees. Any violation of these Special Conditions will authorize the Court to revoke the probation and require you to serve up to the balance of the sentence in confinement.

Rutledge served time in confinement and subsequently began serving his probationary sentence. In November 2017, Rutledge's probation officer filed a petition to modify or revoke his probation for violating Sex Offender Condition 8 and

Computer Condition 2. The probation officer alleged that Rutledge had several pornographic images on his cell phone and accessed the internet without permission from the officer in order to post and respond to online advertisements for casual sexual encounters. In December 2017, after conducting a hearing, the trial court found that Rutledge had violated the special conditions of his probation. The trial court revoked part of Rutledge's probationary sentence, requiring him to serve five additional years in confinement and then serve the remaining time of his probation under the original conditions of his sentence.

In December 2019, Rutledge filed a pro se motion to modify the terms and conditions of his supervised release, contending that Sex Offender Condition 8 and Computer Condition 2 unconstitutionally restricted his free speech rights and that, as a result, those conditions should be removed from his probationary sentence. The following year, in September 2020, Rutledge filed a pro se motion to vacate a void sentence, asserting that his sentence was void because there was no "42-8-37.1" in the Georgia Code as referenced in the final disposition sheet. In November 2020, the trial court entered a single order that denied both of Rutledge's motions, resulting in the present appeal.

4

1. Rutledge contends that the trial court erred in failing to modify the conditions of his probation to strike Sex Offender Condition 8 and Computer Condition 2.

"A trial court has statutory authority to modify conditions of probation throughout the period of the probated sentence." *Bell v. State*, 323 Ga. App. 751, 752 (748 SE2d 114) (2013). See *Stephens v. State*, 289 Ga. 758, 763-764 (2) (b) (1) (716 SE2d 154) (2011). In this regard, OCGA § 17-10-1 (a) (5) (A) states that the sentencing court "shall retain jurisdiction throughout the period of the probated sentence," and OCGA § 42-8-34 (g) empowers the court to "modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run," and "in any manner deemed advisable by the judge." See *Stephens*, 289 Ga. at 764 (2) (b) (1); *Bell*, 323 Ga. App. at 752. The defendant bears the burden of demonstrating that a probation condition is unreasonable and should be modified, and a trial court's decision whether to modify probation is reviewed only for an abuse of discretion. *Mallory v. State*, 335 Ga. App. 852, 854-855 (783 SE2d 370) (2016). Against this legal backdrop, we turn to the arguments raised by Rutledge in this case.

(a) In moving to modify the terms of his probation in the court below, Rutledge contended that Sex Offender Condition 8 was unconstitutional under the First Amendment to the United States Constitution, as incorporated through the Due Process Clause of the Fourteenth Amendment, and under Article I, Section I, Paragraph V of the Georgia Constitution. Specifically, Rutledge argued that Sex Offender Condition 8 violated his free speech rights by prohibiting him from possessing adult pornography when he was not convicted of a crime involving pornography.[2] The trial court rejected Rutledge's argument, concluding that Sex Offender Condition 8 did not violate his constitutional rights.

"Georgia . . . views probation as a matter of grace, upon the granting of which conditions may be imposed," and "[a] person occupies a special status while on probation, during which time his private life and behavior may be regulated by the

_____

[2] Rutledge did not contend that Sex Offender Condition 8 was vague or overly broad in any other respect in his motion before the trial court. Hence, our review on appeal is limited solely to the question of whether Sex Offender Condition 8 was unconstitutional because it prohibited the possession of adult pornography. "Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court." (Citation and punctuation omitted.) *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009). See *Ga. Dept. of Human Svcs. v. Steiner*, 303 Ga. 890, 896 (II) , n. 9 (815 SE2d 883) (2018) (appellate courts will not consider constitutional arguments that were neither made nor distinctly ruled upon in the court below).

6

State to an extent that would be completely untenable under ordinary circumstances." (Citation and punctuation omitted.) *Goode v. Nobles*, 271 Ga. 30, 31 (518 SE2d 122) (1999). As the United States Supreme Court has explained, "[i]nherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled." (Citation and punctuation omitted.) *United States v. Knights*, 534 U. S. 112, 119 (122 S Ct 587, 151 LE2d 497) (2001). See *Land v. State*, 262 Ga. 898, 901 (5) (426 SE2d 370) (1993), quoting *Morrissey v. Brewer*, 408 U. S. 471, 480 (II) (92 SCt 2593, 33 LE2d 484) (1972) (probationary sentence allows probationer "to enjoy 'conditional liberty properly dependent on observance of special parole restrictions'"). And

> [i]n some instances a condition of probation involves a waiver of a defendant's rights including those protected by state or federal constitutions. However, the conditions of probation are not imposed involuntarily, but are accepted by convicted criminals as a condition necessary to avoid incarceration in the penitentiary. Whether the waiver of rights required under the condition of probation amounts to an abuse of discretion depends upon whether it is related to a legitimate purpose underlying the criminal justice system or whether defendant's loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence.

7

(Citations and punctuation omitted.) *Goode*, 271 Ga. at 31.

Here, Rutledge pled guilty under *Alford* to criminal attempt to commit aggravated child molestation, and the factual basis for his plea included the fact that he sent pornographic images to someone whom he believed was a 13-year-old child as part of his efforts to solicit sexual acts from the child. Under these factual circumstances, the probation condition prohibiting Rutledge from possessing pornography was rationally "related to the circumstances of the offense and the rehabilitative goals of probation" and did not unduly burden his free speech rights. *Ellis v. State*, 221 Ga. App. 103, 105 (3) (470 SE2d 495) (1996). Consequently, the trial court did not abuse its discretion in declining to modify Sex Offender Condition 8. See id. (sentencing court acted within its discretion in imposing condition of probation that prohibited defendant convicted of child molestation from possessing "sexually explicit" material).

(b) Rutledge also contended in his motion to modify his probation that Computer Condition 2 violated his free speech rights under the state and federal constitutions by unduly restricting his ability to access the Internet. The trial court rejected Rutledge's contention and determined that Computer Condition 2 did not violate his constitutional rights.

We conclude that where, as in the present case, a defendant is convicted of a sexual offense facilitated through online communications with a minor (or a person whom the defendant believes is a minor) that included the transmission of pornography, a restriction on the defendant's internet access is rationally related to the circumstances of the offense and the rehabilitative goals of the probationary sentence, and such a condition does not unduly burden the defendant's free speech rights. As the Eleventh Circuit Court of Appeals has explained:

> Such restrictions are reasonably related to legitimate sentencing considerations, namely the need to protect both the public and sex offenders themselves from potential abuses of the internet. And computer restrictions are not overly broad when a sex offender on supervised release can still use the Internet for valid purposes by obtaining his probation officer's prior permission.

(Citations and punctuation omitted.) *United States v. Bobal*, 981 F3d 971, 976 (III) (B) (11th Cir. 2020). See *United States v. Zinn*, 321 F3d 1084, 1093 (III) (B) (11th Cir. 2003) (concluding that restriction on access to internet of convicted sex offender was reasonable condition of supervised release, where offender could still use the internet with his probation officer's prior permission).

9

Rutledge, however, contends that Computer Condition 2 violates his free speech rights in light of the United States Supreme Court's decision in *Packingham v. North Carolina*, __ U. S. __ (137 SCt 1730, 198 LE2d 273) (2017). In *Packingham*, the Supreme Court addressed the constitutionality of a North Carolina criminal statute prohibiting registered sex offenders from accessing social media websites "where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." 137 S Ct at 1733 (I) (A), quoting N. C. Gen. Stat. Ann. §§ 14-202.5(a), (e) (2015). The Supreme Court concluded that the broad statute burdened substantially more speech than was necessary to further the state's legitimate interests and thus violated the Free Speech Clause of the First Amendment. Id. at 1736-1737 (III).

Contrary to Rutledge's contention, *Packingham* is distinguishable from the present case in several material respects and does not control the outcome. First, the statute at issue in *Packingham* prohibited all registered sex offenders from using certain social media sites, even those offenders "who already [had] served their sentence and [were] no longer subject to the supervision of the criminal justice system." 137 SCt at 1737 (III). The Supreme Court described the fact that the statute applied to offenders beyond the completion of their sentences as "troubling" and "[of]

10

importance." Id. In contrast, Rutledge has not yet completed his sentence, and the restrictions on his internet access are a condition of his probation. As the Supreme Court has held, "a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens," *Knights*, 534 U.S. at 119, and nothing in *Packingham* undermines that settled principle.

Second, the statute in *Packingham* applied to all registered sex offenders, irrespective of whether they used a computer or the internet in connection with their underlying offenses, and the Supreme Court noted that its opinion "should not be interpreted as barring a State from enacting more specific laws than the one at issue." 137 SCt at 1737 (III). Here, in comparison, Rutledge used the internet to facilitate the commission of his offense by communicating online with the supposed underage girl in order to solicit sexual acts from her and to arrange for a meeting location and by transmitting pornographic images to her.

Third and finally, the statute in *Packingham* imposed a "complete bar" on sexual offenders' use of certain social media websites, 137 S Ct at 1738 (IV), but Computer Condition 2 does not impose a ban on Rutledge's access to the internet. Rather, Computer Condition 2 allows Rutledge to obtain permission from his

11

probation officer to use a particular electronic bulletin board system, internet service provider, or computer network.

In sum, we conclude that *Packingham* is inapplicable to the present case, as have several other courts in similar circumstances. See *Bobal*, 981 F3d at 977-978 (III) (B); *United States v. Carson*, 924 F3d 467, 472-473 (II) (B) (1) (8th Cir. 2019); *United States v. Halverson*, 897 F3d 645, 657 (V), n. 6, 657-658 (V) (B) (5th Cir. 2018); *United States v. Browder*, 866 F3d 504, 511 (II) (A), n. 26 (2d Cir. 2017); *United States v. Rock*, 863 F3d 827, 831 (D.C. Cir. 2017); *State v. King*, 950 NW2d 891, 899-902 (I) (B) (2) (Wis. Ct. App. 2020). Accordingly, Rutledge has failed to show an abuse of discretion by the trial court with respect to Computer Condition 2.

2. Rutledge contends that the trial court erred in concluding that his sentence is not void. According to Rutledge, his sentence is void because the final disposition sheet cites to "42-8-37.1" in reference to certain conditions of probation that were to be treated as special conditions, but there is no such statute in the Georgia Code.

It is well established that "[a] sentencing court has jurisdiction to vacate a void sentence at any time." *Marshall v. State*, 309 Ga. 698, 702 (3) (848 SE2d 389) (2020). See *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). "[T]his is true even for defendants who plead guilty because a defendant who knowingly enters into

12

a plea agreement does not waive the right to challenge an illegal and void sentence." (Citation and punctuation omitted.) *Sambou v. State*, 358 Ga. App. 645, 650 (2) (854 SE2d 392) (2021). "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "But when the sentence imposed falls within the statutory range of punishment, the sentence is not void." (Citation and punctuation omitted.) *Marshall*, 309 Ga. at 702 (3).

Rutledge does not argue that his sentence fell outside the statutory range of punishment, nor could he successfully make such an argument.[3] Rather, Rutledge focuses on the reference in the final disposition sheet to "42-8-37.1," a typographical error that clearly was intended to refer to OCGA § 42-8-34.1.[4] The typographical

---

[3] Rutledge's 25-year sentence for criminal attempt to commit aggravated child molestation fell within the statutory range of punishment for that offense. See OCGA §§ 16-4-6 (a) ("A person convicted of the offense of criminal attempt to commit a crime punishable by death or by life imprisonment shall be punished by imprisonment for not less than one year nor more than 30 years."); 16-6-4 (d) (1) (defendant convicted of aggravated child molestation can be sentenced "by imprisonment for life").

[4] See OCGA § 42-8-34.1 provides in relevant part:

    (a) For the purposes of this Code section, the term "special condition of probation or suspension of the sentence" means a condition of a probated or suspended sentence which: . . .

13

mistake did not result in the imposition of a punishment that the law does not allow and thus did not result in a void sentence.[5] See *Marshall*, 309 Ga. at 704 (3) (concluding that defendant's sentences were not void, where trial court relied upon inapplicable statute, but the court "was permitted by other statutes to impose the sentences that it did"). Where, as in this case, there is "a mere scrivener's error on the sentencing sheet[,] . . . the remedy is [simply] to remand the case for the trial court to correct the error." *Manley v. State*, 287 Ga. App. 358, 360 (3) (651 SE2d 453) (2007).

------

> (2) Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement. . . .
>
> . . .
>
> (e) If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the violation of a special condition of probation or suspension of the sentence, the court may revoke the probation or suspension of the sentence and require the defendant to serve the balance or portion of the balance of the original sentence in confinement. . . .

[5] We note that although the trial court in the final disposition sheet mistakenly referred to OCGA § 42-8-37.1, the court met the substantive requirements of OCGA § 42-8-34.1 for imposing special conditions of probation. See *Harvey v. Meadows*, 280 Ga. 166, 169-170 (3) (626 SE2d 92) (2006) (applying substantial compliance standard in context of OCGA § 42-8-34.1 and holding that "the substantive or essential requirements of OCGA § 42-8-34.1 (a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence").

14

See *Russell v. State*, 309 Ga. 772, 785 (4) (b) (848 SE2d 404) (2020); *Hickson v. State*, 308 Ga. App. 50, 56 (6) (706 SE2d 670) (2011); *Harris v. State*, 166 Ga. App. 202, 203 (4) (303 SE2d 534) (1983). We therefore remand the case for the trial court to correct the erroneous citation to "42-8-37.1" on the final disposition sheet. See id.

*Judgment affirmed and remanded with direction. Gobeil and Markle, JJ., concur.*