### A00A0329. BRASSFIELD v. THE STATE.
(531 SE2d 148)

BLACKBURN, Presiding Judge.

Anthony Brassfield pled guilty to one count of cruelty to children pursuant to a nonnegotiated plea. The trial court sentenced him to serve five years in prison. Brassfield appeals contending that the trial court erred by: (1) improperly injecting itself into the plea negotiation process; and (2) refusing to give him the opportunity to withdraw his plea prior to sentencing.

The record shows that, after attempts to come to a negotiated plea failed, the trial court informed Brassfield that he could enter a nonnegotiated plea or go to trial. Brassfield chose to enter a nonnegotiated plea. Thereafter, the trial court heard the facts of the case and reviewed evidence, including pictures of the victim and Brassfield's previous criminal record. The trial court gave defense counsel the opportunity to present evidence regarding the factual basis for the plea. After his plea was accepted, Brassfield testified regarding mitigation for his sentence. The trial court allowed argument from both sides and sentenced Brassfield to serve five years in prison. Immediately after sentencing, Brassfield attempted to withdraw his plea.

1. Brassfield contends that the trial court improperly injected itself into the plea negotiations by stating that he could go to trial or enter a nonnegotiated plea.

Uniform Superior Court Rule (USCR) 33.5 provides that the trial court should not participate in the plea discussions. However, the comment complained of was not made during plea discussions but merely informed Brassfield of his options after the plea negotiations failed to secure a plea. It is clear from the comment itself, i.e., enter a nonnegotiated plea or go to trial, that plea discussions were no longer pending.

Brassfield argues that he was misled into thinking that the trial court was recommending a nonnegotiated plea and that it intended to give a lighter sentence than that recommended by the State during the plea negotiations. However, the record shows that the trial court informed Brassfield that the possible punishment the law allowed for the offense was from five to twenty years. As the record does not support a violation of USCR 33.5, we find no merit to Brassfield's enumeration.

2. By way of several enumerations of error, Brassfield contends that the trial court erred in failing to give him the opportunity to

withdraw his plea prior to entering the sentence against him.

The present case is controlled by our decision in *Bice v. State*, 212 Ga. App. 184 (1) (441 SE2d 507) (1994), wherein the defendant entered a nonnegotiated plea which he sought to withdraw after the trial court announced the sentence. We held that once sentence was orally pronounced, the defendant's statutory right to withdraw his plea disappears. Id.

> [Brassfield] did not move to withdraw his plea until after the trial court pronounced his sentence. Therefore, he had no right to withdraw the plea pursuant to OCGA § 17-7-93 (b). . . . Therefore, we must determine whether the trial court properly found that the State met its burden of showing, by the record, that [Brassfield] entered his plea freely and voluntarily with an understanding of the nature of the charges against him and an understanding of the consequences of his plea. [Cit.] The trial court's decision will be upheld absent an abuse of discretion. *Moore v. State*, 225 Ga. App. 860, 861 (1) (485 SE2d 552) (1997).

*Manues v. State*, 232 Ga. App. 454, 455 (501 SE2d 826) (1998).

The trial court fully complied with USCR 33.8, 33.9, and 33.11 which set forth procedures for the court to follow when determining the voluntariness and accuracy of a plea. The trial court also determined the factual basis for the plea that Brassfield beat his seven-year-old son with the buckle end of a belt for getting in trouble at school. Additionally, Brassfield's hope of a lesser sentence is not the type of coercion that prevents the voluntary entry of a guilty plea. See *Moore*, supra.

If Brassfield had entered a negotiated plea, the trial court would be required to follow the mandates of USCR 33.10,[1] which codified the Supreme Court of Georgia's analysis in *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980), regarding the trial court's duty to inform the defendant that it intends to reject the negotiated plea and that the defendant has the right to withdraw the plea before the sentence is announced. See *Lawrence v. State*, 234 Ga. App. 603, 604 (1) (507 SE2d 490) (1998). However, in the present case, Brassfield

---

[1] USCR 33.10 provides:
If the trial court intends to reject the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced.

entered a nonnegotiated plea, and while he was still entitled to withdraw his plea as a matter of right before the sentence was announced, the trial court was not required to comply with the mandates of USCR 33.10 because there was no plea agreement to reject.

The trial court did not abuse its discretion in denying Brassfield's motion to withdraw his guilty plea.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 13, 2000.

*Robert L. Mack, Jr.,* for appellant.

*Robert E. Keller, District Attorney, Jay M. Jackson, Assistant District Attorney,* for appellee.