A05A1024. ROSSER v. THE STATE.
(615 SE2d 842)

BLACKBURN, Presiding Judge.

Following the denial of his motion to withdraw his guilty plea, Johnny Rosser appeals, contending that the trial court erred by failing to provide him an opportunity to withdraw his nonnegotiated guilty plea prior to sentencing as required by Uniform Superior Court Rule 33.10. Because USCR 33.10 does not apply to nonnegotiated pleas, we affirm.

We begin by pointing out that the record of the plea hearing shows that the trial court fully complied with USCR 33.7, 33.8, 33.9 and 33.11, "which set forth procedures for the court to follow when determining the voluntariness and accuracy of a plea." *Brassfield v. State*.[1] Rosser argues, however, that, under USCR 33.10, the trial court should have given him an opportunity to withdraw his plea prior to sentencing. This argument is without merit because the record clearly shows that Rosser's plea was nonnegotiated. Rosser was told that he could be sentenced to 80 years in prison, that the plea was a nonnegotiated plea, and that the judge would be the final one to determine what his sentence would be. Further, when asked if he

---

had been promised anything to plead guilty "other than the recommendation that we offered and that you rejected," he replied in the negative. When allowed to speak on his own behalf, Rosser did not ask the judge to sentence him to the 20 years to which he and the State had agreed, but instead asked that he be sentenced to probation and house arrest. Rosser's statements throughout the hearing indicate that he understood what he had been told about sentencing and never indicated in any fashion that he expected a negotiated sentence.

> If [Rosser] had entered a negotiated plea, the trial court would be required to follow the mandates of USCR 33.10, which codified the Supreme Court of Georgia's analysis in *State v. Germany*,[2] regarding the trial court's duty to inform the defendant that it intends to reject the negotiated plea and that the defendant has the right to withdraw the plea before the sentence is announced. However, in the present case, [Rosser] entered a nonnegotiated plea, and while he was still entitled to withdraw his plea as a matter of right before the sentence was announced, the trial court was not required to comply with the mandates of USCR 33.10 because there was no plea agreement to reject.

(Citation and footnote omitted.) *Brassfield*, supra at 748-749 (2).

Rosser contends that his plea was, in fact, a negotiated one because the State recommended a sentence of 20 years. This contention is clearly at odds with the plea transcript, which provides no support for Rosser's argument that there was an agreement between the State and him regarding his sentence. Moreover, the fact that the State recommends a sentence does not transform a nonnegotiated plea into a negotiated one. See *Baptiste v. State*[3] (plea was nonnegotiated and State asked for sentence of twenty years to serve); *Steele v. State*[4] (during plea hearing at which defendant entered a nonnegotiated guilty plea, State asked that defendant be sentenced to twenty-five years with ten years to serve).

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 17, 2005.

*Robert A. Maxwell*, for appellant.

---

[2] *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980).
[3] *Baptiste v. State*, 229 Ga. App. 691, 693 (494 SE2d 530) (1997).
[4] *Steele v. State*, 270 Ga. App. 488, 489 (606 SE2d 664) (2004).

*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Robert N. Peterkin, Assistant District Attorneys*, for appellee.