A07A1048. MANLEY v. THE STATE.
(651 SE2d 453)

RUFFIN, Judge.

Denita Manley pleaded guilty to five counts of theft by taking.[1] Manley moved to withdraw her plea and to have her sentence modified, and the trial court denied both motions. In three enumerations of error, Manley challenges this ruling. Finding no error, we affirm.

The relevant facts show that Manley was charged with stealing over $150,000 from the bank accounts of her ailing, recently widowed stepfather. She was scheduled for trial, but on April 4, 2006, Manley sought a continuance due to ongoing plea negotiations. Manley's attorney indicated that his client was attempting to pay restitution to the victim and that additional time would be helpful in gathering the funds. The trial court denied the motion and set the trial for the next day. Before doing so, however, the court stated on the record that it had not accepted any plea deal and that, in the court's opinion, the facts of the case warranted more than mere probation.

The next day, Manley apparently decided to plead guilty. At the hearing, the State set forth the factual basis for the plea. It then recommended that Manley be sentenced to "20 years to serve 3 years, with the balance on probation." As $50,000 had already been tendered in restitution, the recommendation was that Manley would be required to pay the balance of approximately $100,000. The trial court expressly disagreed with the recommendation of the State in view of the magnitude of Manley's crime. Rather, the trial court stated that it would sentence Manley to ten years to serve. The court

---

[1] The trial court entered an order of nolle prosequi on seven additional counts.

then gave Manley time to discuss the matter with her attorney. Following a short recess, Manley entered a guilty plea. Before accepting the plea, the court asked Manley if she understood that "the court is not bound by any promises or [sentencing] recommendations" and that it could impose the maximum sentence of 50 years. Manley answered affirmatively. The trial court then accepted Manley's guilty pleas to five of the counts and sentenced her "to 10 years to serve in custody" on the first count.[2] With regard to the next count, the trial court sentenced Manley "to 10 years on probation, to run consecutive to count one." On the remaining three counts, Manley was sentenced to "10 years on probation, all to run concurrent with count one."

1. In her first claim of error, Manley contends that she should be allowed to withdraw her guilty plea because the trial court did not comply with Uniform Superior Court Rule 33.10, which requires the trial court to tell a defendant that it intends to reject a negotiated plea and to inform the defendant that she thus has the right to withdraw her plea. We disagree. There is nothing in the transcript of the plea hearing to indicate that Manley had entered a negotiated plea. Rather, it is abundantly clear from the colloquy among the trial court, the attorneys, and Manley that the plea was open-ended. Before the plea was accepted, the trial court informed Manley that she would be sentenced to ten years rather than the three recommended by the State. Thus, this is not a case in which the defendant was surprised by an unfavorable sentence after entering a guilty plea.[3] Although the State made sentencing recommendations, this fact does not "transform a nonnegotiated plea into a negotiated one."[4] And, with nonnegotiated pleas, the trial court is not required to comply with Uniform Superior Court Rule 33.10.[5] Under these circumstances, this argument provides no basis for reversal.

2. In a related claim of error, Manley asserts that the trial "court abused its discretion by accepting the payment of $50,000 [in] restitution pu[r]suant to the plea bargain, but rejecting the plea bargain for the defendant to receive a three years [sic] probated sentence." Again, however, there is nothing in the record to suggest that a binding agreement had been reached between Manley and the State. And the trial court made it abundantly clear that it would not adhere to the State's recommendation. Since Manley owed approximately $150,000 in restitution, we see nothing inherently unfair in the trial

---

[2] An order of nolle prosequi was entered with respect to the remaining counts.

[3] Compare *Lawrence v. State*, 234 Ga. App. 603, 605 (1) (507 SE2d 490) (1998); *Forrest v. State*, 251 Ga. App. 487, 488 (2) (554 SE2d 735) (2001).

[4] *Rosser v. State*, 273 Ga. App. 745, 746 (615 SE2d 842) (2005).

[5] See id.; *Brassfield v. State*, 242 Ga. App. 747, 748-749 (2) (531 SE2d 148) (2000).

court accepting a portion of this amount in connection with her sentencing.[6] It follows that this claim of error lacks merit.

3. Manley also contends that she is entitled to withdraw her plea because she received a void sentence. She bases this argument on the fact that the court clerk, when entering the sentence pronounced by the trial court, erroneously indicated that Manley was sentenced to twenty years for one count of theft by taking. Because the maximum sentence for theft by taking is ten years,[7] Manley argues that she has never been validly sentenced and thus may withdraw her plea as a matter of right.[8] Again, we disagree.

When the trial court orally pronounced Manley's sentence, it clearly stated that Manley was sentenced to ten years — not twenty — for theft by taking. Thus, it was a mere scrivener's error on the sentencing sheet. And when there is a scrivener's error, the remedy is to remand the case for the trial court to correct the error.[9] Here, the trial court has already corrected the error, which renders this enumeration of error moot.[10]

4. Finally, Manley argues that she did not in fact steal the money, but that she took the money under an honest claim of right. As Manley voluntarily agreed to plead guilty to theft, we fail to see how this argument presents any basis for reversal.[11] In any event, Manley did not enumerate this argument as error. And "[a] party cannot expand [her] enumerations of error through argument or citation in [her] brief."[12]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 10, 2007 —<br>RECONSIDERATION DENIED AUGUST 28, 2007 — ■■■■■■

*McNeill Stokes*, for appellant.
*Gwendolyn Keyes Fleming*, District Attorney, *Jeanne M. Canavan, Daniel J. Quinn*, Assistant District Attorneys, for appellee.

---

[6] As part of her sentence, Manley is required to pay an additional $100,000.

[7] See OCGA § 16-8-12 (a) (1).

[8] See *Kaiser v. State*, 285 Ga. App. 63, 64-69 (1) (646 SE2d 84) (2007).

[9] See *Chaney v. State*, 281 Ga. 481, 482-483 (2) (640 SE2d 37) (2007); *Robertson v. State*, 225 Ga. App. 389, 391 (4) (484 SE2d 18) (1997); *Harris v. State*, 166 Ga. App. 202, 204 (4) (303 SE2d 534) (1983).

[10] See *Robertson*, supra.

[11] See *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002) (" 'A knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown.' ").

[12] (Punctuation omitted.) *Abelson v. State*, 269 Ga. App. 596, n. 1 (604 SE2d 647) (2004).