**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A2460. JAMES v. THE STATE.

MCFADDEN, Judge.

Douglas Mitchell James appeals the trial court's order denying his motion to withdraw his guilty plea. He argues that the trial court should have allowed him to withdraw his guilty plea after sentencing, because the court had not informed him of his right to withdraw the plea before sentencing. But because James entered a nonnegotiated plea, the trial court was not required to inform him of his right to withdraw the plea. Accordingly, its failure to do so does not serve as a basis for allowing the withdrawal of the plea. We thus affirm.

James was indicted for burglary, two counts of kidnapping, two counts of aggravated assault, two counts of armed robbery, two counts of robbery by intimidation, two counts of false imprisonment, two counts of theft by taking,

criminal damage to property, and possession of a firearm by a convicted felon. He pled guilty, and the trial court sentenced him to two consecutive life sentences. A month later, James moved to withdraw his guilty plea. The trial court denied the motion, and this appeal followed.

James argues that the trial court erred in refusing to allow him to withdraw his plea because the court had not informed him of his unconditional right to withdraw that plea prior to the pronouncement of the sentence. See OCGA § 17-7-93 (b) ("At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'"). As a result, he argues, he did not attempt to withdraw his plea until after the pronouncement of sentence.

Uniform Superior Court Rule 33.10 "requires the trial court to tell a defendant that it intends to reject a negotiated plea and to inform the defendant that [he] thus has the right to withdraw [his] plea." *Manley v. State*, 287 Ga. App. 358, 359 (1) (651 SE2d 453) (2007). But that requirement only applies when the defendant enters a *negotiated* plea, which the trial court intends to reject. Id. Here, James entered a nonnegotiated plea. He answered affirmatively when the trial court asked him if he "under[stood] that there's been no negotiated deal with the district attorney[ and that

2

he was] entering [his] plea[] blindly." And James points to nothing showing that the trial court rejected a negotiated plea.

James acknowledges that his plea was not "fully" negotiated but nonetheless argues that it was very similar to a negotiated plea because the state agreed to withdraw its petition for recidivist sentencing. But the record shows that there was no agreement between the state and James regarding his sentence, and James does not argue otherwise. His plea therefore was nonnegotiated, the trial court did not reject a negotiated plea agreement, and the trial court thus was not obligated to inform James of his right to withdraw the plea before sentencing. *Rosser v. State*, 273 Ga. App. 745, 746 (615 SE2d 842) (2005). See also *Manley*, supra, 287 Ga. App. at 359 (1) (although state made sentencing recommendations, "this fact does not transform a nonnegotiated plea into a negotiated one") (citation and punctuation omitted).

Nor was James's sentence a manifest injustice, as he argues on appeal. The trial court warned James at the plea hearing that he was "facing two life sentences plus 195 years," and he acknowledged that warning. His sentence of two consecutive life sentences is within the range for a conviction of two counts of armed robbery. OCGA § 16-8-41 (b) ("A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more

3

than 20 years.") Moreover, "a trial court [is] authorized to sentence a defendant to life imprisonment for armed robbery, even when the defendant [is] not a recidivist." *Johnson v. State*, 274 Ga. App. 848, 849 (2) (619 SE2d 488) (2005).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*

4