**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 7, 2015**

# In the Court of Appeals of Georgia

A14A1644. USMAN v. THE STATE.

MILLER, Judge.

Jordan Usman entered into a non-negotiated plea of guilty to two counts of child molestation (OCGA § 16-6-4 (a) (1)). Usman appeals from his conviction, contending that the trial court erred in failing to properly advise him of his right to withdraw his plea. For the reasons that follow, we affirm.

> A defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and thus, the merits of [Usman's] appeal can be addressed only if the issues he seeks to raise can be resolved by facts appearing in the record, including the transcript of the guilty plea hearing.

(Citation omitted.) *Denova v. State*, 268 Ga. App. 16 (601 SE2d 400) (2004).

Usman entered his guilty plea on November 5, 2012. The record shows, and Usman concedes, that he entered a non-negotiated plea. The Superior Court of Glynn

County held a sentencing hearing on January 16, 2013, and the trial court's judgment was entered that same day. Two days later, the trial court called Usman to court to inform him of his right to appeal his conviction and sentence, which it had failed to do at the previous hearing. The trial court also informed Usman that he had the right to an appellate attorney if he was indigent. The trial court, however, did not inform Usman that he could move to withdraw his guilty plea. Usman was represented by counsel at his plea and sentencing hearings, including at the hearing when the trial court advised Usman of his right to appeal his conviction.

Usman filed a notice of appeal on February 12, 2013. Thereafter, on June 21, 2013, Usman filed a motion in superior court to withdraw his guilty plea, which the trial court denied because Usman filed his motion outside the term of court.

On appeal, Usman contends that the trial court misled him that the appropriate procedure for challenging his convictions was to file a direct appeal rather than a motion to withdraw his guilty plea within the term of court, and he relied on this advice to his detriment because his motion to withdraw was denied since it was filed out of term. We disagree.

> OCGA § 17-7-93 (b) provides, in relevant part, that, at any time before judgment is pronounced, the accused person may withdraw the plea of guilty and plead not guilty. A defendant does not have an

2

absolute statutory right, under said Code section, to withdraw a guilty plea, after the trial court's oral announcement of the sentence.

(Citations and punctuation omitted.) *Stevens v. State*, 202 Ga. App. 473, 474 (3) (414 SE2d 702) (1992). Moreover, the trial court is *only* obligated to personally inform the defendant of the right to withdraw his guilty plea before judgment is pronounced if the trial court intends to reject a negotiated plea agreement. *Storch v. State*, 276 Ga. App. 789, 791-792 (2) (625 SE2d 70) (2005).

In this case, Usman's plea was non-negotiated, and as a result, the trial court was not obligated to inform him of his right to withdraw the plea before sentencing. *James v. State*, 326 Ga. App. 231, 232 (756 SE2d 312) (2014). Usman nevertheless argues that the trial court affirmatively misled him into believing that he could raise an ineffective assistance claim on appeal without first moving to withdraw his guilty plea or developing the record to address the issue. See *Lamb v. State*, 282 Ga. App. 756, 758 (639 SE2d 641) (2006) (where a defendant has not filed a motion to withdraw his guilty plea raising ineffective assistance as an issue, and the only evidence in the record is the transcript of his guilty plea hearing, the defendant cannot raise ineffective assistance of counsel on direct appeal of his conviction). There is no merit to this argument because the trial court unambiguously advised Usman of his

3

right to appeal his conviction, and it was not obligated to inform him that this right was qualified in light of his guilty plea. See *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007).

Likewise, there is no merit to Usman's claim that the trial court advised him that he had to affirmatively request post-conviction counsel. While the trial court advised Usman that the court would appoint appellate counsel "upon appropriate request to do so," the trial court's statement, in context, indicated that appellate counsel would be appointed if Usman wished to appeal and showed that he was indigent. See *Hawkins v. State*, 222 Ga. App. 461, 462 (1) (474 SE2d 666) (1996) (holding that the trial court must appoint counsel for indigent defendants who indicate a desire to appeal). Since the record does not show that the trial court committed error in advising Usman of his appellate rights, we affirm.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*