310 Ga. 703
FINAL COPY

S20A1477. JORDAN v. THE STATE.

PETERSON, Justice.

After Travis Jordan brought an abrupt end to his murder trial by pleading guilty to felony murder, he moved to withdraw his plea prior to sentencing. The trial court denied Jordan's motion, concluding that Jordan did not have a right to withdraw his guilty plea because he was charged with a capital crime and that, even if he had such a right, he had waived it. Jordan appealed and argues, among other things, that he had an absolute right to withdraw his guilty plea and that he did not knowingly waive his right. Jordan is correct, and so we reverse.

Jordan was charged with six different counts, including malice murder, felony murder, aggravated assault, and cruelty to children. A jury trial began in June 2017. On the fourth day of the trial, Jordan took a short recess to discuss with defense counsel whether he wanted to testify. Following the recess, defense counsel

announced that Jordan had reached an agreement with the prosecutor to plead guilty to felony murder, with the sentence to be determined by the court and the remaining charges to be dismissed.

The trial court confirmed with Jordan that he wanted to plead guilty, reviewed the trial rights that he would be waiving by pleading guilty, and informed Jordan that the court could sentence him to either life in prison with the possibility of parole, or life without parole. Jordan confirmed that he understood that the jury could possibly find him guilty of all, some, or none of the charges if the trial continued, and that entry of the plea would end the trial. The trial court specifically asked Jordan, "you understand that if I wind up sentencing you to life without parole, you can't then turn around and ask for a jury trial?" The trial court also asked Jordan, "[D]o you understand that by pleading guilty to this one count of felony murder you're ending this jury trial, and it will not finish, and there will not be another one?" Jordan answered affirmatively to both questions. Jordan also acknowledged that he had enough time to talk to his attorney and that he had signed a plea agreement form,

which stated only that he was pleading guilty to felony murder.

After an extended discussion about whether Jordan was admitting his guilt, the trial court accepted Jordan's plea, finding that there was a factual basis for the plea based on the evidence presented at trial and that Jordan knowingly and voluntarily pleaded guilty. The trial court stated that it would schedule a sentencing hearing as soon as practicable.

Before sentencing, however, Jordan filed a motion to withdraw his guilty plea, in which his counsel suggested that she had new reasons for believing that Jordan may be innocent and argued that he could withdraw his plea for any reason prior to sentencing. Following a hearing, the trial court denied Jordan's motion to withdraw and issued a written order finding that Jordan had waived his right to withdraw his guilty plea and that Jordan had filed his motion to withdraw with the intent to manipulate the court system. The court later sentenced Jordan to life with the possibility of parole.

Almost a month after sentencing, the trial court entered an order further explaining its reasons for denying Jordan's motion to

3

withdraw his plea. The trial court concluded that, under *Fair v. State*, 245 Ga. 868, 878 (8) (268 SE2d 316) (1980), Jordan did not have the right to withdraw his guilty plea because his was a "capital case," even though the State did not seek the death penalty, because the crime of murder was a capital felony for which the death penalty was available. In its expanded order, the trial court also restated its conclusion that Jordan waived his right to withdraw, this time finding that the court had "repetitively made clear that pleading guilty would end the pending trial and that there would be no subsequent withdrawal and retrial of the case," and that Jordan rejected the opportunity to withdraw the guilty plea at the close of the plea hearing. This appeal followed.

1. Jordan argues that the trial court erred in concluding that his murder charge meant that he did not have the right to withdraw his guilty plea. We agree.

A defendant generally has an absolute right to withdraw his guilty plea before his sentence is pronounced. OCGA § 17-7-93 (b) gives a defendant the right to withdraw his guilty plea "[a]t any time

4

before judgment is pronounced," and we have interpreted this language as permitting withdrawal as a matter of right at any time before the trial court orally pronounces a defendant's sentence. See *Humphrey v. State*, 299 Ga. 197, 198 (1) (787 SE2d 169) (2016). Once a sentence is pronounced, that absolute right terminates; after that point, a trial court has the discretion to allow withdrawal, but only when necessary to correct a manifest injustice. See *Walden v. State*, 291 Ga. 260, 261 (1) (728 SE2d 186) (2012).

We identified an exception to the right to withdraw a guilty plea before sentencing in *Fair*, where we ruled that the right to withdraw prior to sentencing does not apply to guilty pleas in cases in which the State seeks the death penalty. See 245 Ga. at 878 (8); see also *Blackwell v. State*, 299 Ga. 122, 122 & n.1 (786 SE2d 669) (2016). We reached that conclusion in *Fair* because in cases where the death penalty is sought, with the exception of cases involving aircraft hijacking and treason, the "judgment does not rest upon the plea but rather upon the plea and the proof of an aggravating circumstance," and additional proceedings following the plea are

5

required to determine the existence of an aggravating circumstance to authorize the death penalty. 245 Ga. at 878 (8) (noting that an aggravating circumstance is not required for offenses of aircraft hijacking or treason); see also OCGA § 17-10-30 (a) (the death penalty can be imposed for hijacking and treason in any case), (b) (listing aggravating circumstances for other felonies that would authorize the death penalty).

There is no dispute that the State did not seek the death penalty in this case. Following Jordan's guilty plea, the trial court was required only to enter a sentence, not to conduct another proceeding to determine the existence of an aggravating circumstance. As a result, the *Fair* exception to OCGA § 17-7-93 (b) did not apply. Jordan did have a right to withdraw his plea at the time he filed his motion to withdraw.

2. Jordan next argues that he did not knowingly waive his right to withdraw his guilty plea. He argues that he was never advised of his right or told that he would be waiving the right by pleading guilty. We agree.

6

The right to withdraw under OCGA § 17-7-93 (b) can be waived if the waiver is knowingly, voluntarily, and intelligently made. See *Blackwell*, 299 Ga. at 124. On direct appeal, the State bears the burden of establishing that a defendant's waiver is valid. See, e.g., *Wright v. State*, 292 Ga. 825, 826 (1) (742 SE2d 468) (2013). Because a waiver is the "intentional relinquishment or abandonment of a known right," *Wiggins v. State*, 298 Ga. 366, 369 (2) (782 SE2d 31) (2016) (citation and punctuation omitted), the State may meet its burden of proving a valid waiver by pointing to record evidence showing that the defendant was advised of his right and waived it. See *Rawles v. Holt*, 304 Ga. 774, 777 (822 SE2d 259) (2018) (the State may establish waiver of a statutory right to appeal by introducing signed waiver form or pointing to detailed questioning of the defendant showing that defendant was informed of his right); see also *State v. Cooper*, 281 Ga. 63, 64 (1) (636 SE2d 493) (2006) ("[W]aiver will not be presumed from a silent record." (citation and punctuation omitted)).

In *Blackwell*, we held that the record showed the trial court

adequately advised the defendant about the right to withdraw under OCGA § 17-7-93 (b) and of his inability to exercise that right after entering his guilty plea. See 299 Ga. at 124-125. There, in discussing the consequences of the defendant's guilty plea, the prosecutor and the court both referred to the extent to which the defendant would have an opportunity to withdraw his guilty plea, and we concluded that the context of those discussions informed the defendant that he would not have such an opportunity once his plea was accepted by the trial court. See id.

This case is unlike *Blackwell*, because the record here does not show that Jordan was ever told about his right to withdraw a guilty plea before sentencing, much less that he would waive that right as part of his plea. The plea form in the record merely stated that Jordan was pleading guilty to felony murder; it did not discuss any rights that Jordan would be waiving by pleading guilty. In reviewing the plea terms with the trial court, the prosecutor said that Jordan would plead guilty to felony murder, the remaining charges would be dropped, and the sentence would be left to the court's discretion.

The prosecutor made no mention that a term of the plea agreement was that Jordan was waiving his right to withdraw his plea once it was accepted by the court. Compare *Blackwell*, 299 Ga. at 124.

Although the transcript of the plea colloquy shows that Jordan was advised of his trial rights and told that he would be waiving those rights by pleading guilty,[1] at no point in that colloquy did the trial court refer specifically to the statutory right to withdraw under OCGA § 17-7-93 (b). The trial court's statements that Jordan would not be able to ask for another trial were not sufficient to advise Jordan of his right to withdraw his guilty plea prior to sentencing. The trial court confirmed that Jordan understood that "if I wind up sentencing you to life without parole, you can't then turn around and ask for a jury trial." But this phrasing does not refer to the right to withdraw a plea *before* sentencing; instead, it refers to Jordan's ability to ask for a jury trial *after* sentencing. The trial court also confirmed that Jordan understood that, by pleading guilty, he would

---

[1] Indeed, after the colloquy, the trial court found only that Jordan "made a voluntary waiver of his rights in connection with a trial." But the waiver of the right to withdraw a guilty plea is not a right connected with a trial.

9

be "ending this jury trial, and it will not finish, and there will not be another one." Unlike in *Blackwell*, the trial court's statement that there would not be another trial did not plainly inform Jordan that he would not be permitted to withdraw his guilty plea if it were accepted by the trial court.[2] Compare *Blackwell*, 299 Ga. at 124-125; see also *Brant v. State*, 306 Ga. 235, 237-239 (830 SE2d 140) (2019) (concluding that waiver of right to appeal was valid where plea agreement acknowledged that waiver was knowingly, intelligently, and voluntarily made after consultation with counsel and plea hearing transcript showed that defendant was asked specifically about the waiver).

---

[2] Because the trial court accepted Jordan's nonnegotiated plea, it does not appear that Uniform Superior Court Rule ("USCR") 33.10 imposed an affirmative obligation on the trial court to advise Jordan of his right to withdraw under OCGA § 17-7-93 (b). See *Mahaffey v. State*, 308 Ga. 743, 748 (2) (b) (843 SE2d 571) (2020) (concluding that USCR 33.10's requirement — that the trial court advise a defendant that he has the right to withdraw his plea if the court intends to reject the plea agreement — does not apply when the court accepts a negotiated plea agreement); *Rosser v. State*, 273 Ga. App. 745, 746 (615 SE2d 842) (2005) (holding that the trial court was not required to comply with USCR 33.10 because the defendant entered into a nonnegotiated plea, with sentencing left up to the judge). But regardless of whether the trial court was required to inform Jordan of that right, its failure to do so precluded a knowing waiver of his right.

We are sympathetic to the trial court's concern that Jordan's guilty plea and subsequent motion to withdraw were calculated to manipulate the justice system. They may well have been. But the text of OCGA § 17-7-93 (b) does not include an exception for intentional manipulation, and we will not create one. In such cases, it is incumbent on the trial court and prosecutor to ensure that a record is made that will show a knowing and voluntary waiver.[3] Because the record here does not show such a waiver, we reverse.[4]

---

[3] A trial court can also protect against such manipulation by promptly sentencing a defendant. And if the defendant pleads guilty during trial, the trial court can hold the jury until the defendant is sentenced.

[4] Jordan also argues that the judgment is void because his indictment was fatally defective in that the felony murder count averred neither the elements of the predicate felony nor facts that would support them. Jordan's claim is essentially a special demurrer seeking greater specificity with respect to the predicate felony, and he concedes in his brief that his failure to raise this claim below precludes our review. See *Thompson v. State*, 286 Ga. 889, 890 (2) (692 SE2d 379) (2010) (defendant waived claim that felony murder count did not contain essential elements of predicate felony because he did not file timely special demurrer under OCGA § 17-7-110), overruled on other grounds by *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011). Jordan argues that we should reconsider our waiver precedent because the judgment entered in his case is void. But there is no longer a judgment in this case given our reversal here, and his claim is not the type of claim that would render a judgment void. Cf. *Hinkson v. State*, 310 Ga. ___, ___ (4) (850 SE2d 41) (2020) ("Unlike a special demurrer, which is waived if not brought before trial, we have held that a count of an indictment which is subject to a valid general demurrer is void, and we have explained that a general demurrer may be raised after jeopardy has

11

*Judgment reversed. All the Justices concur, except Bethel, J., disqualified.*

DECIDED FEBRUARY 1, 2021.
Murder. Treutlen Superior Court. Before Judge Helton.
*James C. Bonner, Jr., Brandon A. Bullard, Jimmonique R. S. Rodgers*, for appellant.
*L. Craig Fraser, District Attorney, Robert B. Faircloth, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Alex M. Bernick, Assistant Attorney General*, for appellee.

---

attached and at any time during trial, as well as in the form of a motion in arrest of judgment after a verdict in the same term of court." (citations and punctuation omitted)).