**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 16, 2021**

# In the Court of Appeals of Georgia

A21A1443. JACKSON v. THE STATE.

MCFADDEN, Presiding Judge.

Dan Jackson appeals the order denying his motion to withdraw his guilty plea. He argues that the trial court erred by rejecting the negotiated plea agreement without first informing him that she intended to do so. We agree. So we reverse.

Jackson was charged with two counts of aggravated assault, possession of a firearm during the commission of a felony, and second-degree criminal damage to property. In February 2021, he entered a guilty plea. The next day, he moved to withdraw his guilty plea. The trial court denied the motion, and Jackson filed this appeal.

Jackson argues that he was entitled to withdraw his plea because the trial court failed to inform him that she intended to reject the negotiated plea as required by Uniform Superior Court Rule 33.10. That rule provides:

> If the trial court intends to reject the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced.

Uniform Superior Court Rule 33.10. In the order denying the motion to withdraw the guilty plea, the trial court ruled that Jackson's plea was nonnegotiated, so Uniform Superior Court Rule 33.10 did not apply.

The record shows that all along, the parties and the court treated Jackson's plea as negotiated. At the beginning of the hearing at which Jackson entered his plea, defense counsel requested a "brief minute" to speak with Jackson, as she had received "an update to the offer" since the time they had spoken. Counsel returned and told the court that Jackson was ready to move forward with the plea. The assistant district attorney asked Jackson to waive certain rights relating to the COVID pandemic, and

2

then the trial court informed Jackson of the rights he would waive by entering a plea. The court also informed Jackson that he would not have the right to withdraw his guilty plea once she pronounced sentence. The assistant district attorney announced the sentence range, the facts of the case, that Jackson had no prior felony conviction, and the state's recommendation, which included a sentence of confinement commuted to time served. Defense counsel stated that Jackson was "willing to accept the offer here today," asked the court to "accept that offer," and asked the court to "accept that negotiated plea." Neither the assistant district attorney nor the court responded that the plea was nonnegotiated. The court thanked counsel and then stated the following:

> Mr. Jackson, I need to hear from you. I know you have been before me before, entered a plea and then withdrew it.[1] It was a nonnegotiated plea. So I have offered to accept a guilty plea today if you should choose to enter it. Though I'm not bound by the *negotiated plea recommendation*, you can't withdraw it if I don't go along with it. I'm not saying I'm not. But you need to understand before you enter your plea of guilty that you can't withdraw it because you've had that opportunity before. (Emphasis supplied.)

---

[1] In October 2020, Jackson had entered a guilty plea to the charges, but withdrew his plea that same day.

Jackson pled guilty. The trial court accepted the plea, stated that Jackson had freely and voluntarily entered it with full knowledge of his rights, and then announced sentence of seven years, with two years to be served in confinement and the balance to be served on probation. The court, the attorneys, and the probation officer discussed the details of the sentence, and then Jackson stated that he "thought [he] was agreeing to time served for the two years." Defense counsel responded that she had informed him that whatever sentence the court entered was the final sentence, and Jackson asked, "Why would I do that?" The court responded, "That's why I told you before I asked you what your plea was if you understood that you would not have the ability to withdraw it, that you understood that I was not bound by the sentence, that I would listen to it. And I did, and I have pronounced my sentence."

That same day, the trial court signed the final disposition, which stated explicitly that the plea was negotiated.

At the hearing on the motion to withdraw, Jackson's plea counsel testified that she and the state discussed a negotiated plea at length and determined the terms they would present to the judge as a negotiation and that she did attempt to enter a negotiated plea on Jackson's behalf.

Uniform Superior Court Rule 33.10 "requires the trial court to tell a defendant that it intends to reject a negotiated plea and to inform the defendant that [he] thus has the right to withdraw [his] plea." *Manley v. State*, 287 Ga. App. 358, 359 (1) (651 SE2d 453) (2007). But that requirement only applies when the defendant enters a negotiated plea, which the trial court intends to reject. Id.

The trial court here concluded that Jackson's plea was not negotiated because he entered it after she had advised him that she was not bound by the sentence recommendation and that he would not be allowed to withdraw the plea. At that juncture, the court concluded, the plea of guilty was nonnegotiated. "A guilty plea is nonnegotiated when there is no agreement between the [s]tate and the defendant with regard to the sentence." *Kegler v. State*, 317 Ga. App. 427, 429 n. 2 (731 SE2d 111) (2012), overruled in part on other grounds by, *Hamm v. State*, 294 Ga. 791 (756 SE2d 507) (2014). The record shows that the state and Jackson agreed to the proposed sentence after negotiations; that plea counsel and the trial court referred to the plea as negotiated; that the plea was never referred to as nonnegotiated; and that the trial court stated on the final disposition that the plea was negotiated. This record demonstrates that the plea was negotiated.

Because Jackson entered a negotiated plea, the trial court was

5

required to follow the mandates of [Uniform Superior Court Rule] 33.10, which codified the Supreme Court of Georgia's analysis in *State v. Germany*, [246 Ga. 455, 456 (1) (271 SE2d 851) (1980),] regarding the trial court's duty to inform the defendant that it intends to reject the negotiated plea and that the defendant has the right to withdraw the plea before the sentence is announced.

*Rosser v. State*, 273 Ga. App. 745, 746 (615 SE2d 842) (2005) (footnote omitted).

We find nothing in the record which clearly informed [Jackson,] prior to pronouncement of sentence, that the trial court intended to reject the sentence recommendation made by the [s]tate pursuant to the plea agreement . . . and that, given the trial court's intention, he was entitled to withdraw his guilty plea as a matter of right prior to pronouncement of sentence. The informational requirements of [Uniform Superior Court Rule] 33.10 must be satisfied by explicit statements, not by vague statements or implication.

*Smith v. State*, 239 Ga. App. 776, 777 (521 SE2d 911) (1999) (citations and footnote omitted).

The state argues that Jackson waived the right to withdraw his plea because the court had informed Jackson that she was not bound by the plea agreement and that he would not be allowed to withdraw his plea since he already had withdrawn a plea months before. But because the trial court failed to inform Jackson that she intended

6

to reject the plea agreement, any waiver of his right to withdraw his plea was not knowing and voluntary. See *Jordan v. State*, 310 Ga. 703, 706-707 (2) (854 SE2d 548) (2021).

"If the trial court intended to reject the terms of the plea agreement, it was required to so inform [Jackson] and to permit him to withdraw his guilty plea. Under the circumstances, the judgment must be reversed." *Brown v. State*, 324 Ga. App. 194, 197 (749 SE2d 781) (2013) (punctuation omitted).

*Judgment reversed. Senior Appellate Judge Herbert E. Phipps concurs. Rickman, C. J., concurs in the judgment only.*